# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH ARCHBOLD, DONALD L. MARVIN and DONALD MARVIN, | Civil Action No.  12-CV-2429 |
| Plaintiffs, | (Judge James M. Munley) |
| v. | |
| LANDRY'S GAMING, INC., GOLDEN NUGGET, INC., and DOES 1-10, inclusive, | |
| Defendants. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(3), 12(b)(5) and 28 U.S.C. § 1404**

---

GREENBERG TRAURIG, LLP
Brian T. Feeney, Esq. (PA 78574)
Charles L. Rombeau, Esq. (PA 204859)
*(application for admission to MDPA forthcoming)*
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
Tel 215.988.7800
Fax 215.988.7801
feeneyb@gtlaw.com
rombeauc@gtlaw.com

*Attorneys for Defendants
Landry's Gaming, Inc. and
Golden Nugget, Inc.*

## TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................1

II.   FACTS RELEVANT TO THIS MOTION ....................................................2

III.  ARGUMENT........................................................................................3

    A.   Plaintiff's Complaint Should Be Dismissed for Lack of
        Personal Jurisdiction, Improper Venue and Insufficient
        Service of Process ...................................................................3

        1.   The Standard on a Motion to Dismiss Pursuant to
            Rule 12(b)(2), (3) and (5)............................................3

        2.   This Court Should Dismiss the Complaint for Lack of
            Personal Jurisdiction .................................................4

        3.   Venue Is Improper and Dismissal Is Similarly Warranted
            Under Rule 12(b)(3)....................................................8

        4.   Service of Process Was Not Improper and Dismissal Is
            Similarly Warranted Under Rule 12(b)(5).............................. 10

    B.   In the Alternative to Dismissal, Transfer Is Warranted .................... 11

        1.   The Standard on a Motion to Transfer Venue Pursuant
            to 28 U.S.C. § 1404................................................... 11

        2.   This Action Could Have Been Brought in the District
            of Nevada .............................................................. 12

        3.   The *Jumara* Factors Favor Transfer to the District
            of Nevada .............................................................. 13

IV.   CONCLUSION................................................................................. 14

# TABLE OF AUTHORITIES

## Cases

*AMP Inc. v. Methode Electronics, Inc.*,
   823 F. Supp. 259 (M.D. Pa. 1993) ...................................................................7

*Bank Express Int'l v. Soo Y. Kang*,
   265 F. Supp. 2d 497 (E.D. Pa. 2003)................................................................5

*Burger King v. Rudzewicz*,
   471 U.S. 462 (1985) ........................................................................................4

*Cottman Transmission Systems, Inc. v. Martino*,
   36 F.2d 291, 294 (3d Cir. 1994)....................................................................8, 9

*Dollar Savings Bank v. First Sec. Bank of Utah*,
   746 F.2d 208 (3d Cir. 1984) ...........................................................................6

*Gehling v. St. George's School of Medicine, Ltd.*,
   773 F.2d 539 (3d Cir. 1985) ...........................................................................4

*Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*,
   988 F.2d 476 (3d Cir. 1993) ...........................................................................3

*Henning v. Suarez Corp.*,
   713 F. Supp. 2d 459 (E.D. Pa. 2010)...............................................................3

*Imo Indus., Inc. v. Kiekert AG*,
   155 F.3d 254 (3d Cir. 1998) ...........................................................................5

*Int'l Shoe v. Washington*,
   326 U.S. 310 (1945) .....................................................................................4, 7

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ...........................................................................11

*Karcsh v. Bd. of Directors Ventura Country Club*,
   Civ. No. 10-4965, 2011 WL 1740626 (E.D. Pa. May 5, 2011) .........................10

# TABLE OF AUTHORITIES
## (continued)

*Leonardo da Vinci's Horse, Inc. v. O'Brien,*
761 F. Supp. 1222 (E.D. Pa. 1991)........................................................................7

*Lindley v. Caterpillar, Inc.,*
93 F. Supp. 2d 615 (E.D. Pa. 2000)..................................................................... 13

*Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,*
960 F.2d 1217 (3d Cir. 1992) .................................................................................4

*Miller Yacht Sales, Inc. v. Smith,*
384 F.3d 93 (3d Cir. 2004) .....................................................................................3

*Pennzoil Prods. Co. v. Colelli & Assoc., Inc.,*
149 F.3d 197 (3d Cir. 1998) ...................................................................................5

*Pinker v. Roche Holdings Ltd.,*
292 F.3d 361 (3d Cir. 2002) ...................................................................................3

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc.,*
819 F.2d 434 (3d Cir. 1987) ...................................................................................4

*Rees v. Mosaic Technologies, Inc.,*
742 F.2d 765 (3d Cir. 1984) ...................................................................................4

*Reliance Steel Products v. Watson,*
675 F.2d 587 (3d Cir. 1982) ...................................................................................7

*Time Share Vacation Club v. Atl. Resorts, Ltd.,*
735 F.2d 61 (3d Cir. 1984) .....................................................................................3

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co.,*
75 F.3d 147 (3d Cir. 1996) .....................................................................................5

## Statutes

15 U.S.C. § 1693 ....................................................................................................1

# TABLE OF AUTHORITIES
## (continued)

28 U.S.C. § 1391 ................................................................................... 8, 9, 12

28 U.S.C. § 1404 ........................................................................................ 1, 11

28 U.S.C. § 1631 ............................................................................................8

# Rules

Fed. R. Civ. P. 4 ........................................................................................ 10

Fed. R. Civ. P. 12( ................................................................................ *passim*

Pa. R. Civ. P. 404 ..................................................................................... 11

Defendants Landry's Gaming, Inc. ("Landry's Gaming") and Golden Nugget, Inc. ("Golden Nugget"), by their undersigned attorneys, respectfully submit this memorandum of law in support of their motion to dismiss this action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), and for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), or, in the alternative, for transfer to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a).

## I. INTRODUCTION

Plaintiffs Sarah Archbold, Donald L. Marvin and Donald Marvin (collectively "Plaintiffs"), filed this action seeking an award of actual and statutory damages under the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, based on automated teller transactions during which they contend they were not provided notice of $3.50 transaction fees.  Despite the fact that these three transactions all are alleged to have taken place in Las Vegas, Nevada, in January, February and May 2011, (Compl. ¶ 21), Plaintiffs filed suit in the Monroe County Court of Common Pleas in January 2012.  Because neither Landry's Gaming nor Golden Nugget, nor the substance matter of this action, has any connection whatsoever to Pennsylvania, dismissal or transfer is warranted.

## II.    FACTS RELEVANT TO THIS MOTION

Plaintiffs' complaint (the "Complaint") alleges the following facts, which are accepted as true for purposes of this Motion only.  Plaintiffs are all Pennsylvania residents.  (Compl. ¶ 17 & signature page.)  Plaintiffs allege that they each performed electronic fund transfers—not withdrawals—at automated teller machines ("ATMs") located in Las Vegas, Nevada in January, February and May 2011.  Thus, the events giving rise to this action took place in Nevada and not Pennsylvania.  The sole cause of action asserted in Plaintiffs' complaint is for violations of the EFTA, for which Plaintiffs request actual damages, statutory damages, costs of suit and attorneys' fees.  (Compl. ¶¶ 25-33.)

As set forth in the declaration of Lauren Ware accompanying Defendants' motion, Defendants are both corporations organized under the laws of the State of Nevada.  (*See* Ware Decl. ¶¶ 3-4.)  Neither Landry's Gaming nor Golden Nugget own or leases any property in Pennsylvania.  (*Id.* ¶ 5.)  Neither Landry's Gaming nor Golden Nugget pay income or property taxes in Pennsylvania.  (*Id.* ¶ 6.)  Neither Landry's Gaming nor Golden Nugget maintain any office or other commercial space in Pennsylvania.  (*Id.* ¶ 7.)  Defendants do not employee any individuals in Pennsylvania, nor maintain any physical assets in Pennsylvania. (*Id.* ¶¶ 8-9.)

## III.   ARGUMENT

### A.   Plaintiff's Complaint Should Be Dismissed for Lack of Personal Jurisdiction, Improper Venue and Insufficient Service of Process

#### 1.   The Standard on a Motion to Dismiss Pursuant to Rule 12(b)(2), (3) and (5)

Federal Rules of Civil Procedure 12(b)(2), (b)(3), and (b)(5) permit the filing of a motion to dismiss for lack of personal jurisdiction, improper venue and improper service of process, respectively.  Plaintiffs bear the burden of demonstrating personal jurisdiction over Defendants.  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)).  A defendant bears the burden of showing the venue is improper.  *Henning v. Suarez Corp.*, 713 F. Supp. 2d 459, 462 (E.D. Pa. 2010).  The party asserting validity of service of process has the burden of proving the sufficiency of service.  *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

Courts must construe all disputed facts alleged in the light most favorable to the plaintiff.  *Miller Yacht Sales,* 384 F.3d at 97.  Plaintiffs cannot rely on general averments of jurisdiction in the complaint or unsupported statements in their response, but instead must provide jurisdictional facts supported by affidavits or competent evidence to sustain their burden.  *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).  The jurisdictional burden is met

"by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (citing *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc.*, 819 F.2d 434 (3d Cir. 1987)).

## 2.    This Court Should Dismiss the Complaint for Lack of Personal Jurisdiction

As a threshold matter, Plaintiffs cannot establish that this Court may exercise personal jurisdiction over Defendants.  Where, as here, the record does not establish sufficient contacts between either Landry's Gaming or Golden Nugget and Pennsylvania, Pennsylvania law and the Due Process Clause of the Fourteenth Amendment require dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2).  *Rees v. Mosaic Technologies, Inc.*, 742 F.2d 765, 767 (3d Cir. 1984*); see also generally Burger King v. Rudzewicz*, 471 U.S. 462 (1985); *Int'l Shoe v. Washington*, 326 U.S. 310 (1945) (holding that the Due Process Clause of the United States Constitution protects a defendant's liberty interest from being bound by judgments of a forum with which he has established no meaningful contacts, ties or relations).

The Third Circuit has adopted a two-step inquiry to determine whether the exercise of jurisdiction over out-of-state defendants is proper—a plaintiff must establish either specific jurisdiction or general jurisdiction.  *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 540-42 (3d Cir. 1985); *see also*

4

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co.*, 75 F.3d 147, 151 n.3 (3d Cir. 1996).  In this case, Plaintiffs cannot establish either specific or general jurisdiction.

Specific jurisdiction requires a plaintiff to demonstrate that the claim "is related to or arises out of" the defendant's contacts with the forum.  *Pennzoil Prods. Co. v. Colelli & Assoc., Inc.*, 149 F.3d 197, 201 (3d Cir. 1998).  Establishing specific jurisdiction involves a three-part test:  (1) have the defendants "purposefully established minimum contacts within the forum state" so that they may reasonably expect being "haled into court" here; (2) did the cause of action arise from or is it related to those contacts; and (3) does the "assertion of personal jurisdiction" comport with "fair play and substantial justice."  *Bank Express Int'l v. Soo Y. Kang*, 265 F. Supp. 2d 497, 501 (E.D. Pa. 2003) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)) (other citations omitted).  The plaintiff must accordingly demonstrate that the defendant "purposefully directed" its activities toward residents of the forum or otherwise "purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."  *Imo Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

Plaintiffs cannot demonstrate that Defendants have purposefully established minimum contacts with Pennsylvania.  Indeed, as the Declaration of Lauren Ware

makes clear, Defendants are both corporations organized under the laws of the State of Nevada that do not own or lease any property in Pennsylvania, do not pay income or property taxes in Pennsylvania, do not maintain any office or other commercial space in Pennsylvania, do not employ any individuals in Pennsylvania and do not maintain any physical assets in Pennsylvania. (*Id.* ¶¶ 3-9.) Accordingly, the record does not establish that Defendants have contacts with Pennsylvania such that they should reasonably expect to be haled into court here.

The Complaint's allegations suggest that Plaintiffs hope this Court will exercise personal jurisdiction over Defendants solely because Plaintiffs are Pennsylvania consumers.  (Compl. ¶ 16.)  But this fact is not sufficient to satisfy due process.  In *Dollar Savings Bank v. First Sec. Bank of Utah*, 746 F.2d 208, 211 (3d Cir. 1984), the Third Circuit held the district court lacked jurisdiction in Pennsylvania over a Utah bank in a foreclosure proceeding, explaining:  "When the plaintiff's interest is in litigating a claim arising out of a single transaction in a forum where the defendant has no continuing presence—specific jurisdiction—the focus must be on minimum contacts."  *Id.* at 213.  The allegation that the Nevada-based ATM transaction may have had an impact on a Pennsylvania resident is not sufficient to establish personal jurisdiction.  *Id*  It would be wholly not in keeping with the principles of justice or fair play to require Defendants to submit to

jurisdiction here for actions that occurred in Nevada.  Thus, no specific jurisdiction

exists over Defendants.

Because there are no minimum contacts, *a fortiori*, there is no general

jurisdiction.  *See Reliance Steel Products v. Watson*, 675 F.2d 587, 588-89 (3d Cir.

1982) (*quoting Int'l Shoe v. Washington*, 326 U.S. 310 (1945)).  To establish

general jurisdiction, Plaintiffs must demonstrate that Defendants maintained

"continuous and substantial" contacts with Pennsylvania in general.  *Id.*; *see also*

*AMP Inc. v. Methode Electronics, Inc.*, 823 F. Supp. 259 (M.D. Pa. 1993).  Such a

showing must be made by adducing "extensive and persuasive" facts that such

contacts exist.  *Leonardo da Vinci's Horse, Inc. v. O'Brien*, 761 F. Supp. 1222,

1226 (E.D. Pa. 1991) (*citing Dollar Savings Bank*, 746 F.2d at 212); *Reliance Steel*

*Pros. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1985)

(plaintiff must show significantly more than mere minimum contacts to establish

general jurisdiction).

The record shows that Defendants simply do not maintain the level of

systematic and continuous contact with Pennsylvania that are needed to establish

personal jurisdiction.  (*See* Ware Declaration ¶¶ 3-9.)  This Court therefore should

grant Defendants' motion and dismiss Plaintiffs' Complaint for lack of personal jurisdiction.[1]

### 3. Venue Is Improper and Dismissal Is Similarly Warranted Under Rule 12(b)(3)

The complaint is also subject to dismissal because venue is improper. Proper venue is necessary to protect a defendant's interests surrounding plaintiff's selection of the place of trial.  "In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial.  *Cottman Transmission Systems, Inc. v. Martino*, 36 F.2d 291, 294 (3d Cir. 1994) (internal citation omitted).  Plaintiffs' Complaint contains no averment that venue is proper in the Middle District of Pennsylvania.  Even if it did, however, venue is not proper under any of the prongs of 28 U.S.C. § 1391(b).

Section 1391(b) provides that civil actions can be brought only in a district that meets one of three criteria: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving

---

[1] Alternatively, this Court should transfer this action to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1631 (where "the court finds there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought").

rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

There can be no question that neither sections 1391(b)(1) nor (b)(3) apply. Defendants are corporations organized under the laws of the State of Nevada, and therefore, necessarily making Nevada, rather than the Middle District of Pennsylvania, a judicial district that satisfies section 1391(b)(1). The fact that such a district exists makes section 1391(c) inapplicable, Thus, the only possible basis for venue is 1391(b)(2), which requires that the Middle District of Pennsylvania be "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The Third Circuit has explained that this term means exactly what it says—that the events or omissions supporting a claim be "substantial." *Cottman*, 36 F.3d at 294. "Events or omissions that might have some tangential connection with the dispute in litigation are not enough." *Id.* This requirement of substantiality is intended to "preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.* Thus, where, as here, a "substantial part of the events or omissions giving rise to [Plaintiffs'] claim" did *not* occur in the Middle District of Pennsylvania, venue is improper.

The Middle District of Pennsylvania simply does not now have, nor has it ever had, any meaningful connection to this litigation.  Plaintiffs are residents of Pennsylvania, but that is the extent of any connection.  This case involves a sole cause of action for violations of the EFTA involving three ATM transactions that occurred in Nevada.   Thus, the Middle District of Pennsylvania, as Plaintiffs' Complaint itself demonstrates, cannot be the district where a "substantial part" of the alleged events or omissions giving rise to Plaintiffs' claims could have occurred.  *See, e.g.*, *Karcsh v. Bd. of Directors Ventura Country Club*, Civ. No. 10-4965, 2011 WL 1740626, at *5 (E.D. Pa. May 5, 2011) (dismissing case for improper venue because the negligence, to the extent it occurred, took place outside E.D. Pa.).

Venue for this civil action does not exist in this Court, and dismissal is warranted pursuant to Rule of Civil Procedure 12(b)(3).

### 4.     Service of Process Was Not Improper and Dismissal Is Similarly Warranted Under Rule 12(b)(5)

According to their records, Defendants were served the summons in April 2012 by regular first class mail.  (Motion ¶ 10.)  Federal Rule of Civil Procedure 4(h) governs service of process for corporate entities such as defendants, and it provides methods for a plaintiff to effect proper service of process.  Applicable here is the Rule's allowance to effect service of process "pursuant to the law of the state in which the district court is located."  Fed. R. Civ. P. 4(e)(1).  Pennsylvania

Rule of Civil Procedure 404 requires that out-of-state defendants such as Landry's Gaming and Golden Nugget be served by mail that is registered, requiring the return of a signature card.  Pa. R. Civ. P. 404.

No affidavit of service was ever filed in this court or the Monroe County Court of Common Pleas prior to removal.  Thus, Plaintiffs cannot and have not demonstrated service was proper, warranting dismissal pursuant to Fed. R. Civ. P. 12(b)(5).

**B.     In the Alternative to Dismissal, Transfer Is Warranted**

**1.     The Standard on a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)**

Motions to transfer for inconvenient, rather than improper, venue are governed by section 1404(a), which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The Third Circuit has explained that the decision to transfer a matter pursuant to section 1404(a) is discretionary and made on an "individualized, case-by-case basis."  *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 883 (3d Cir. 1995). In ruling on motions under section 1404(a), courts must "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."  *Id.* at 879.  Private interests considered include: (1) the plaintiff's choice

11

of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties based on their "physical and financial condition;" (5) the extent to which witnesses may actually be unavailable for trial in the forum; and (6) the extent to which relevant books and records could not be produced in another forum. *Id.* Public interests considered include: (1) the degree to which judgment may be enforced; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) court congestion in the competing forums; (4) the forum's "interest in deciding local controversies at home"; (5) public policy of the competing forum; and (6) in diversity cases, the trial judge's familiarity with relevant state law. *Id.* at 879-80.

### 2. This Action Could Have Been Brought in the District of Nevada

In accordance with § 1404(a), the District of Nevada is unquestionably a venue in which this action "might have been brought". Both defendants maintain businesses or physical presences within the District and are corporations organized under laws of the State of Nevada. (Ware Decl. ¶¶ 3-4.) They are, therefore, deemed to reside there for venue purposes. *See* 28 U.S.C. § 1391(b). Accordingly, this action could have originally been brought in that district. *See* 28 U.S.C. § 1391(b)(1).

### 3. The *Jumara* Factors Favor Transfer to the District of Nevada

Turning to the *Jumara* factors, several favor transfer, yet none warrant keeping this case in Pennsylvania. First, as set forth above, Plaintiff's claims undoubtedly "arose" in District of Nevada where the ATM transactions took place. (Compl. ¶ 21.) Related, the "ease of access to sources of proof" also points to the Nevada—records from defendants are located there, and records related to the companies operating the ATMs are believed to be there as well. (Ware Decl. ¶¶ 11-13.) Any witnesses, other than potentially the Plaintiffs, will be located in Nevada. (*Id.*) Indeed, any non-employee witnesses of Defendants are beyond the subpoena power of this Court.

Key public interest factors, such as the "relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation" are all neutral on transfer. *Lindley v. Caterpillar, Inc.*, 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000). This is an action challenging three ATM transactions that all took place in Nevada in Nevada stores owned by Nevada corporations.

Thus, in the alternative to dismissal, this case should be transferred to the District of Nevada. On balance, pursuant to the factors enumerated in *Jumara*, transfer is appropriate here.

13

## IV.   **<u>CONCLUSION</u>**

For all the foregoing reasons, Defendants Landry's Gaming, Inc. and Golden Nugget, Inc. respectfully request that this Court grant their Motion and dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2), (b)(3), or (b)(5), or, in the alternative, transfer this action to the United States District Court for the District of Nevada.

GREENBERG TRAURIG, LLP

Dated: January 10, 2013            /s/ Brian T. Feeney
_____
Brian T. Feeney, Esq.
Charles L. Rombeau, Esq. *(application for admission to MDPA forthcoming)*
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
Tel 215.988.7800
Fax 215.988.7801
feeneyb@gtlaw.com

*Attorneys for Defendants Landry's Gaming, Inc. and Golden Nugget, Inc.*

14

## CERTIFICATE OF SERVICE

I, Brian T. Feeney, hereby certify that on the 10th day of January 2013, I

caused a true and correct copy of the foregoing Memorandum of Law to be served

via First Class Mail upon the following pro se Plaintiffs:

> Donald Marvin
> Donald L. Marvin
> Sarah Archbold
> 524 Independence Road
> East Stroudsburg, PA 18301

> /s/ Brian T. Feeney
> Brian T. Feeney, Esq.

15