**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SARAH ARCHBOLD, DONALD L. MARVIN and DONALD MARVIN, | : | No. 3:12cv2429 |
| Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| LANDRY'S GAMING, INC., GOLDEN NUGGET, INC. and DOES 1-10, inclusive, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is defendants' motion to dismiss or transfer the pending action to the United States Court for the District of Nevada.  (Doc. 5).  For the following reasons, the court will grant defendants' motion.

**Background**

Plaintiffs Sarah Archbold, Donald L. Marvin and Donald Marvin (collectively "plaintiffs") are adult individuals residing in Monroe County, Pennsylvania.  (Doc. 1, Ex. A, Compl. (hereinafter "Compl.") ¶ 17).  Defendants Landry's Gaming, Inc. and Golden Nugget, Inc. (collectively "defendants") are the owners and operators of the Golden Nugget Casino located in Las Vegas, Nevada.  (Compl. ¶ 18; Doc. 5-1, Decl. of Lauren Ware

(hereinafter "Ware Decl.") ¶¶ 2-4).

In January, February and May 2011, plaintiffs each performed electronic fund transfers at automated teller machines "ATMs" inside defendants' casino.  (Compl. ¶¶ 21-22).  Plaintiffs were charged a $3.50 transaction fee. (Id. ¶ 23).  Plaintiffs contend defendants failed to provide notice of the $3.50 transaction fee in violation of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693-1693r.

On November 6, 2012, plaintiffs filed a *pro se* single-count complaint in Monroe County, Pennsylvania.  Plaintiffs seek $3,000 in actual damages pursuant to 15 U.S.C. § 1693m(a)(1), $3,000 in statutory damages in accordance with15 U.S.C. § 1693m(a)(2) and attorney's fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).  Defendants subsequently removed the action to this court (Doc. 1) and filed a motion to dismiss or transfer the case to the District of Nevada (Doc. 5).  The parties briefed the issues bringing the case to its present posture.

**Standard of Review**

In determining whether personal jurisdiction is proper, a federal district court sitting in diversity applies the law of the forum state–here Pennsylvania. FED. R. CIV. P. 4(e); North Penn Gas Co. v. Corning Natural Gas Corp., 897

F.2d 687, 689 (3d Cir. 1990).  The Pennsylvania Long Arm Statute permits a

court to exercise jurisdiction over non-resident defendants "to the fullest

extent allowed under the Constitution of the United States and [jurisdiction]

may be based on the most minimum contacts with this Commonwealth

allowed under the Constitution of the United States.  42 PA. CONS. STAT. ANN.

§ 5322(b); Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co., 75

F.3d 147, 150 (3d Cir. 1996).  The Pennsylvania Long Arm Statute is

coextensive with the Due Process clause of the Fourteenth Amendment of the

United States Constitution.  Mellon Bank (East) PSFS v. Farino, 960 F.2d

1217, 1221 (3d cir. 1992) (citations omitted).

When deciding a motion to dismiss for lack of personal jurisdiction, we

accept the plaintiff's allegations as true.  Miller Yacht Sales, Inc. v.  Smith,

384 F.3d 93, 97 (3d Cir. 2004); see also Carteret Sav. Bank, FA v. Shushan,

954 F.2d 141, 142 n.1 (3d Cir. 1992).  Once a defendant files a motion to

dismiss pursuant to Rule 12(b)(2), however, the plaintiff bears the burden of

proving, either by sworn affidavits or other competent evidence, that the

defendant has sufficient contacts with the forum state to establish personal

jurisdiction.  North Penn Gas, 897 F.2d at 689 (3d Cir. 1990); see also Time

Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984).

3

**Discussion**

In the present case, defendants argue that the court lacks personal jurisdiction over them. Plaintiffs counter that we may exercise specific personal jurisdiction over defendants because defendants accessed their Pennsylvania bank accounts.[1] After a careful review of the record, we agree with defendants.

### A. Specific Personal Jurisdiction

Plaintiffs allege that the court has specific personal jurisdiction over defendants under 42 PA. CONS. STAT. ANN. § 5322(b) (hereinafter "Section 5322(b)").[2] Section 5322(b) permits Pennsylvania courts to exercise specific personal jurisdiction over non-resident defendants "to the fullest extent allowed under the Constitution and may be based on the most minimum contact with the Commonwealth allowed under the Constitution." 42 PA. CONS. STAT. ANN. § 5322(b). To assert specific jurisdiction on the basis of minimum contacts in this case, we must find that defendants purposefully

---

[1] Plaintiffs do not argue that the court has general personal jurisdiction over the moving defendants and a review of the record does not indicate otherwise.

[2] Plaintiffs fail to cite any statutory authority that would allow this court to exercise specific jurisdiction over defendants. A fair reading of plaintiffs' complaint and brief in opposition, however, reveals Section 5322(b) is the appropriate jurisdictional basis for the present case.

4

availed themselves of the privileges and protections of Pennsylvania law by doing business in the Commonwealth.  See Pennzoil Prods. Co. v. Colelli & Assocs. Inc., 149 F.3d 197, 203 (3d Cir. 1998) (discussing application of the minimum contacts doctrine).  Additionally, "a plaintiff must show that the defendant has minimum contacts with the state 'such that the defendant should reasonably anticipate being haled into court there.'" North Penn Gas, 897 F.2d at 690 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

Plaintiffs argue that defendants have minimum contacts with Pennsylvania because defendants accessed their Pennsylvania bank accounts by withdrawing the $3.50 transaction fee.[3]  Plaintiffs' allegations, however, do not support the conclusion defendants ever withdrew money

---

[3]In support of their position, plaintiffs rely on Savrnoch v. First Am. Bankcard, Inc, No. 07-CV-0241, 2007 WL 3171302 (E.D. Wis. Oct. 26, 2007) (finding that the imposition of the transaction fee, by itself, imposed actual damages under the EFTA).  The court finds Savrnoch unpersuasive for two reasons.  First, specific personal jurisdiction was not an issue in Savrnoch because it was not challenged by the defendant.  Second, the underlying holding of Savrnoch, that the imposition of the fee by itself imposes actual damages under the EFTA, has been rejected by a subsequent reported opinion for the Eastern District of Wisconsin.  See Voeks v. Pilot Travel Ctrs., 560 F. Supp. 2d 718, 724 (E.D. Wis. 2008) (finding that the Savrnoch court conflated liability and damages by holding that the imposition of the fee was required for actual damages, and that a plaintiff must plead and prove detrimental reliance to obtain actual damages).

from plaintiffs' Pennsylvania bank accounts.  Rather, plaintiffs withdrew $3.50

form their Pennsylvania bank accounts to pay defendants the $3.50

transaction fee.  (See Doc. 8-3, Certification of Sarah Archbold ¶ 4; Doc. 8-4,

Certification of Donald Marvin ¶ 4).  Additionally, this alleged contact is the

very definition of "random, isolated or fortuitous" and is far from sufficient to

establish the minimum contacts necessary for specific personal jurisdiction.

See Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984); Pennzoil

Prods., 149 F.3d at 203.

Moreover, defendants are corporations organized under the laws of the

State of Nevada.  (Doc. 5-1, Decl. of Lauren Ware ¶¶ 3-4).  Defendants do

not own or lease any property within Pennsylvania.  (Id. ¶ 5).  They do not pay

income or property taxes in Pennsylvania.  (Id. ¶ 6).  Defendants do not

maintain offices or any physical assets in Pennsylvania nor employ

Pennsylvania residents.  (Id. ¶ 7-9).  Thus, the court cannot assert specific

personal jurisdiction on the basis of minimum contacts because defendants

have not purposefully availed themselves of the privileges and protections of

Pennsylvania law by doing business in the Commonwealth.  We are unable,

therefore, to exercise jurisdiction over defendants pursuant to Section

5322(b).[4]

### B.  Transfer Under 28 U.S.C. § 1631

Having found a lack of personal jurisdiction, the court chooses not to dismiss the case.  Instead, the court will transfer this action to the United States District Court for the District of Nevada.  When "the court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ."  28 U.S.C. § 1631; see also D'Jamoos, 566 F.3d at 109-11 (finding that Section 1631 permits transfer for lack of personal jurisdiction); Island Insteel Sys., Inc. v. Waters, 296 F.3d 200, 218 n.9 (3d Cir. 2002) (same); Nolt & Nolt, Inc. v. Rio Grande, Inc., 738 F. Supp. 163, 166 (E.D. Pa. 1990) (same).

In the present case, jurisdiction and venue are proper in the District Court of Nevada because defendants' principal place of business and the events giving rise to plaintiffs' claims occurred in Nevada.  See NEV. REV. STAT. § 14.065; 28 U.S.C. 1391; see also Island Insteel, 296 F.3d 200 at 218 n.9; Brock v. Harrah's Atl. City Propco, LLC,, No: 12-CV-5055, 2013 WL

---

[4] The court does not address defendants arguments under Federal Rules of Civil Procedure 12(b)(3) & (5) as it is unnecessary to do so in light of the finding that the court lacks personal jurisdiction over defendants.

820596 at *6 (E.D. Pa. Mar. 6, 2013).  Additionally, the interests of justice are served by transferring this action because it obviates the need for plaintiffs to refile their case.[5]  Thus, the court will transfer this action to the District Court of Nevada.

**Conclusion**

For the stated reasons, we find the court lacks personal jurisdiction over defendants.  The court, however, finds that transferring this action to the District Court of Nevada, where it could have been originally filed, serves the interests of justice.  An appropriate order follows.

---

[5] The court notes plaintiffs also request the court transfer their case in lieu of outright dismissal.  (Doc. 8, Pls.' Br. in Opp'n to Mot. to Dismiss at 1-2, 4-5).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SARAH ARCHBOLD, DONALD L. MARVIN and DONALD MARVIN, | : | No. 3:12cv2429 |
| Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| LANDRY'S GAMING, INC., GOLDEN NUGGET, INC. and DOES 1-10, inclusive, | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW,** to wit, this 24th day of April 2012, Defendants Landry's Gaming, Inc., Golden Nugget, Inc. and Does 1-10's motion to dismiss or transfer (Doc. 5) is hereby **GRANTED** to the extent that the Clerk of Court is **DIRECTED** to transfer this case to the United States District Court for the District of Nevada.

                              **BY THE COURT:**


                              **s/ James M. Munley**
                              **JUDGE JAMES M. MUNLEY**
                              **United States District Court**