KARA B. HENDRICKS, ESQ.
Nevada Bar No. 7743
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone:   (702) 792-3773
Fax:             (702) 792-9002
hendricksk@gtlaw.com
*Attorneys for Defendant Landry's
Gaming, Inc. and Golden Nugget, Inc.*

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SARAH ARCHBOLD, DONALD L. MARVIN, and DONALD MARVIN, <br><br> Plaintiffs, <br><br> vs. <br><br> LANDRY'S GAMING, INC., GOLDEN NUGGET, INC., and DOES 1-10, inclusive, <br><br> Defendants. | Case No.   2:13-cv-00714-RCJ-CWH <br><br> **DEFENDANTS' STATUS REPORT** |

Defendants Landry's Gaming, Inc. and Golden Nugget, Inc. (collectively "Defendants"), by and through their counsel of record, Greenberg Traurig, LLP, submit the following Interim Status Report in response to the Court's Minute Order issued on April 26, 2013[1].

## 1.     STATUS OF THE ACTION:

The present case was filed in the Court of Common Pleas of Monroe County, Pennsylvania on November 6, 2012.  It was removed to the United States District Court for the Middle District of Pennsylvania on December 13, 2012.  Defendants filed a Motion to Dismiss or Transfer on December 27, 2012 which was fully briefed by all parties.

[1] Prior to filing the instant status report counsel for Defendants contacted Plaintiff Donald Marvin via email.  Mr. Marvin indicated that Plaintiffs had not yet retained counsel in Nevada.  Counsel for Defendants offered to prepare a joint status report and sent a draft to Mr. Marvin who represented he would provide it to the other plaintiffs for review. Counsel for Defendant requested a response to the proposed status report on or before 2:00 p.m. on May 24, 2013 and advised Mr. Marvin if a response was not received Defendants would file an individual status report.  As of the time of this filing, no response has been received from Plaintiffs.

1

On April 24, 2013, the Honorable Judge James M. Munley ordered that this matter be transferred to the United States District Court for the District of Nevada.

2.      **STATEMENT OF ACTION REQUIRED TO BE TAKEN BY THIS COURT:**

The Pennsylvania Court that transferred this case to the District of Nevada did not address dismissal of Defendants pursuant to F.R.C.P. 12(b)(5) for lack of service and specifically Plaintiffs failure to provide the Court with any documentation indicating Golden Nugget was served with the initial complaint.   This issue was included in the Motion to Dismiss.   Accordingly, before this case can proceed, this issue must be addressed.

3.      **PENDING MOTIONS AND RELATED DOCUMENTS:**

Defendants respectfully request this Court rule on their request for dismissal based on lack of service.   A copy of the Motion, Memorandum of Law In Support of Defendants' Motion To Dismiss or Transfer; the Opposition to the Motion to Dismiss and the Reply in support of the Motion to Dismiss that address the service issue are attached hereto as **Exhibits A-D**, respectively.

If the Court requires such documents to be re-filed in the District Court of Nevada, please so advise.

DATED this _24th_ day of May, 2013.

GREENBERG TRAURIG, LLP

BY: _Kara B. Hendricks_
KARA B. HENDRICKS
Nevada Bar No. 7743
3773 Howard Hughes Pkwy., Suite 400N
Las Vegas, Nevada  89169
*Attorneys for Defendants Landry's*
*Gaming, Inc. and Golden Nugget, Inc.*

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LV 419998982v2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Greenberg Traurig, LLP
3773 Howard Hughes Parkway - Suite 400 North
Las Vegas, Nevada 85169
(702) 792-3773
(702) 792-9002 (fax)

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 24th day of May, 2013, a copy of the foregoing **DEFENDANTS' STATUS REPORT** was served via the United States District Court, District of Nevada's, ECF system on all counsel of record.

    A copy was also mailed postage pre-paid to:

Donald Marvin
524 Independence Road
East Stroudsburg, PA 18301

Donald L. Marvin
524 Independence Road
East Stroudsburg, PA 18301

Sarah Archbold
524 Independence Road
East Stroudsburg, PA 18301

                                       */s/ Joyce Heilich*

3

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH ARCHBOLD,<br>DONALD L. MARVIN and<br>DONALD MARVIN,<br><br>               Plaintiffs,<br><br>v.<br><br>LANDRY'S GAMING, INC.,<br>GOLDEN NUGGET, INC., and<br>DOES 1-10, inclusive,<br><br>               Defendants. | Civil Action No.  12-CV-2429<br><br>(Judge James M. Munley) |

## <u>MOTION TO DISMISS OR TRANSFER</u>

Defendants Landry's Gaming, Inc. ("Landry's Gaming") and Golden Nugget, Inc. ("Golden Nugget"), by their undersigned attorneys, hereby move to dismiss this action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), and for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).  In the alternative, Landry's Gaming and Golden Nugget (collectively "Defendants") hereby move for an order transferring this case to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a).  As grounds for dismissal or transfer, Defendants aver as follows:

1.      This action was commenced by writ of summons by *pro se* Plaintiffs
Sarah Archbold, Donald L. Marvin and Donald Marvin (collectively "Plaintiffs")
on or about January 22, 2012, in the Court of Common Pleas of Monroe County
and docketed as case number 389-CV-12.

2.      On December 5, 2012, Defendants filed a Notice of Removal with
this Court. The Notice of Removal was timely, as it was filed within thirty (30)
days of Defendants' receipt of Plaintiffs' Complaint (the "Complaint"), on
November 6, 2012.

3.      As alleged in the Complaint, Plaintiffs bring a claim against
Defendants arising under the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C.
§ 1693, *et seq.*, based on automated teller transactions that took place in Las
Vegas, Nevada, in January, February and May 2011. (Compl. ¶ 21.)

4.      The sole cause of action asserted in Plaintiffs' complaint is for
violations of the EFTA, for which Plaintiffs request actual damages, statutory
damages, costs of suit and attorneys' fees. (Compl. ¶¶ 25-33.)

5.      This action must be dismissed for several reasons.

6.      First, that there is no basis for the exercise of personal jurisdiction
over Defendants and this Court should dismiss this action pursuant to Fed. R. Civ.
P. 12(b)(2). The Third Circuit has adopted a two-step inquiry to determine
whether the exercise of jurisdiction over out-of-state defendants is proper—a

plaintiff must establish either specific jurisdiction or general jurisdiction. *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 540-42 (3d Cir. 1985).  In this case, Plaintiffs cannot establish either specific or general jurisdiction.

7.     As set forth in the accompanying declaration of Lauren Ware, Defendants have not established minimum contacts with Pennsylvania such that they may fairly expect to be sued in Pennsylvania.  Defendants maintain no physical presence of any kind in Pennsylvania, do not lease or own property, have no operations in Pennsylvania, do not conduct business in Pennsylvania, pay no income or property taxes in Pennsylvania, and do not employ any employees in Pennsylvania. (*See* Ware Decl. ¶¶ 5-9.)

8.     Moreover, the events giving rise to this action took place in Nevada and not Pennsylvania.  The Plaintiffs admit that they travelled to Las Vegas, Nevada and visited Defendants' casino where the alleged ATM transactions occurred. None of the relevant activity occurred in Pennsylvania.  (Compl. ¶ 21.)

9.     Second, because all of the "events and omissions" at issue in this case took place in Nevada and not the Eastern District of Pennsylvania and personal jurisdiction is improper, venue is also improper, and this Court should also dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3).

10.     Third, Defendants were not properly served process in this action. Plaintiffs initiated this case by writ of summons in January 2012.  Defendants were

served the summons in April 2012 by regular first class mail. Pennsylvania Rule
of Civil Procedure 404 requires that out-of-state defendants such as Landry's
Gaming and Golden Nugget be served by mail that is registered, requiring the
return of a signature card. According to Defendants' records, that did not occur
here, and service was therefore not proper, warranting dismissal pursuant to Fed.
R. Civ. P. 12(b)(5).

  11. In the alternative to dismissal, if this Court were to conclude that it
may exercise personal jurisdiction over Defendants, and that venue is proper, and
that service of process was proper, this Court should transfer this action to the
United States District Court for the District of Nevada pursuant to 28 U.S.C.
§ 1404. This case involves banking transactions that took place in Nevada, the
sources of relevant proof and third party witnesses are located there, (Ware Decl.
¶¶ 11-13), and the balance of relevant convenience factors strongly favors transfer.

  WHEREFORE, Defendants Landry's Gaming, Inc. and Golden Nugget, Inc.
respectfully request that this Court grant their Motion and dismiss this action
pursuant to Fed. R. Civ. P. 12(b)(2), (b)(3), or (b)(5), or, in the alternative, transfer
this action to the United States District Court for the District of Nevada.

GREENBERG TRAURIG, LLP

Dated: December 27, 2012

/s/ Brian T. Feeney
_____
Brian T. Feeney, Esq.
Charles L. Rombeau, Esq. *(application for admission to MDPA forthcoming)*
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
Tel 215.988.7800
Fax 215.988.7801
feeneyb@gtlaw.com

*Attorneys for Defendants*
*Landry's Gaming, Inc.*
*and Golden Nugget, Inc.*

## CERTIFICATE OF SERVICE

I, Brian T. Feeney, hereby certify that on the 27th day of December, 2012, I caused a true and correct copy of the foregoing Motion to Dismiss, Proposed Order, and Declaration in Support, to be served via First Class Mail upon the following pro se Plaintiffs:

> Donald Marvin
> Donald L. Marvin
> Sarah Archbold
> 524 Independence Road
> East Stroudsburg, PA 18301

> /s/ Brian T. Feeney
> Brian T. Feeney, Esq.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARAH ARCHBOLD, DONALD L. MARVIN and DONALD MARVIN, | : | Civil Action No.  12-CV-2429 |
| | : | |
| Plaintiffs, | : | (Judge James M. Munley) |
| v. | : | |
| LANDRY'S GAMING, INC., GOLDEN NUGGET, INC., and DOES 1-10, inclusive, | : | |
| Defendants. | : | |

## DECLARATION OF LAUREN WARE

I, Lauren Ware, do declare that:

1.      I base the foregoing declaration on my personal knowledge and my review of company records pertaining to the matters set forth herein and, if called as a witness, I could and would testify competently thereto.

2.      I am employed as Corporate Counsel to Landry's, Inc., the parent company of Landry's Gaming, Inc. ("Landry's Gaming").  Landry's Gaming is the parent company of Golden Nugget, Inc. ("Golden Nugget").  I work in Landry's, Inc.'s headquarters in Texas.

3.      Golden Nugget is a corporation organized under the laws of the State of Nevada.

4.      Landry's Gaming is a corporation organized under the laws of the State of Nevada.

5.      Neither Landry's Gaming nor Golden Nugget own or leases any property in Pennsylvania.

LV 419908917v1

6.    Neither Landry's Gaming nor Golden Nugget pay income or property taxes in Pennsylvania.

7.    Neither Landry's Gaming nor Golden Nugget maintain any office or other commercial space in Pennsylvania.

8.    Neither Landry's Gaming nor Golden Nugget employ any individuals in Pennsylvania.

9.    Neither Landry's Gaming nor Golden Nugget maintain any physical assets in Pennsylvania.

10.    I have reviewed the complaint filed by Plaintiffs in this matter.

11.    Upon information and belief, any records related to the ATM transactions at issue are likely in the control of third parties that own and operate the ATM machines and due to the location of the ATM machines such records are likely located in Nevada.

12.    The automated teller machines ("ATMs") at issue in this case were owned and operated by Ultron, Inc. a Delaware corporation that is a subsidiary of U.S. Bank N.A.

13.    While Landry's Gaming and Golden Nugget cannot yet be certain which, if any, of their employees may be called to testify at trial of this matter, I believe the individuals most knowledgeable about the ATMs at issue in this case are likely located in Las Vegas, Nevada.

I declare the foregoing to be true and correct to the best of my knowledge, information and belief.

Dated:  December 27, 2012

Lauren Ware
Lauren Ware

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH ARCHBOLD,<br>DONALD L. MARVIN and<br>DONALD MARVIN,<br><br>       Plaintiffs,<br>v.<br><br>LANDRY'S GAMING, INC.,<br>GOLDEN NUGGET, INC., and<br>DOES 1-10, inclusive,<br><br>       Defendants. | : Civil Action No.  12-CV-2429<br>:<br>:<br>:<br>: (Judge James M. Munley)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this ___ day of _____, 2013, upon consideration of

the Motion to Dismiss or Transfer of Defendants Landry's Gaming, Inc. and

Golden Nugget, Inc., it is hereby ORDERED that the Motion is GRANTED, and

this action is DISMISSED.

In the alternative, this action is hereby TRANSFERRED to the United States

District Court for the District of Nevada.

BY THE COURT:

_____

            J.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARAH ARCHBOLD, DONALD L. MARVIN and DONALD MARVIN, | : : : : | Civil Action No.  12-CV-2429 |
| Plaintiffs, | : : | (Judge James M. Munley) |
| v. | : : | |
| LANDRY'S GAMING, INC., GOLDEN NUGGET, INC., and DOES 1-10, inclusive, | : : : : | |
| Defendants. | : : : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(3), 12(b)(5) and 28 U.S.C. § 1404

GREENBERG TRAURIG, LLP
Brian T. Feeney, Esq. (PA 78574)
Charles L. Rombeau, Esq. (PA 204859)
*(application for admission to MDPA forthcoming)*
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
Tel 215.988.7800
Fax 215.988.7801
feeneyb@gtlaw.com
rombeauc@gtlaw.com

*Attorneys for Defendants
Landry's Gaming, Inc. and
Golden Nugget, Inc.*

## **TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................1

II.   FACTS RELEVANT TO THIS MOTION ...........................................................2

III.  ARGUMENT........................................................................................................3

     A.   Plaintiff's Complaint Should Be Dismissed for Lack of
         Personal Jurisdiction, Improper Venue and Insufficient
         Service of Process ...................................................................................3

         1.   The Standard on a Motion to Dismiss Pursuant to
             Rule 12(b)(2), (3) and (5)..........................................................3

         2.   This Court Should Dismiss the Complaint for Lack of
             Personal Jurisdiction .................................................................4

         3.   Venue Is Improper and Dismissal Is Similarly Warranted
             Under Rule 12(b)(3).................................................................8

         4.   Service of Process Was Not Improper and Dismissal Is
             Similarly Warranted Under Rule 12(b)(5)..............................10

     B.   In the Alternative to Dismissal, Transfer Is Warranted ....................11

         1.   The Standard on a Motion to Transfer Venue Pursuant
             to 28 U.S.C. § 1404.................................................................11

         2.   This Action Could Have Been Brought in the District
             of Nevada ................................................................................12

         3.   The *Jumara* Factors Favor Transfer to the District
             of Nevada ................................................................................13

IV.  CONCLUSION..................................................................................................14

i

## TABLE OF AUTHORITIES

### Cases

*AMP Inc. v. Methode Electronics, Inc.*,
   823 F. Supp. 259 (M.D. Pa. 1993) ........................................................................7

*Bank Express Int'l v. Soo Y. Kang*,
   265 F. Supp. 2d 497 (E.D. Pa. 2003)..................................................................5

*Burger King v. Rudzewicz*,
   471 U.S. 462 (1985) ........................................................................................4

*Cottman Transmission Systems, Inc. v. Martino*,
   36 F.2d 291, 294 (3d Cir. 1994).....................................................................8, 9

*Dollar Savings Bank v. First Sec. Bank of Utah*,
   746 F.2d 208 (3d Cir. 1984) ..........................................................................6

*Gehling v. St. George's School of Medicine, Ltd.*,
   773 F.2d 539 (3d Cir. 1985) ..........................................................................4

*Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*,
   988 F.2d 476 (3d Cir. 1993) ..........................................................................3

*Henning v. Suarez Corp.*,
   713 F. Supp. 2d 459 (E.D. Pa. 2010)...............................................................3

*Imo Indus., Inc. v. Kiekert AG*,
   155 F.3d 254 (3d Cir. 1998) ..........................................................................5

*Int'l Shoe v. Washington*,
   326 U.S. 310 (1945) .....................................................................................4, 7

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ..........................................................................11

*Karcsh v. Bd. of Directors Ventura Country Club*,
   Civ. No. 10-4965, 2011 WL 1740626 (E.D. Pa. May 5, 2011) ..........................10

## TABLE OF AUTHORITIES
### (continued)

*Leonardo da Vinci's Horse, Inc. v. O'Brien*,
   761 F. Supp. 1222 (E.D. Pa. 1991) ........................................................................7

*Lindley v. Caterpillar, Inc.*,
   93 F. Supp. 2d 615 (E.D. Pa. 2000) ..................................................................... 13

*Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*,
   960 F.2d 1217 (3d Cir. 1992) ...............................................................................4

*Miller Yacht Sales, Inc. v. Smith*,
   384 F.3d 93 (3d Cir. 2004) ...................................................................................3

*Pennzoil Prods. Co. v. Colelli & Assoc., Inc.*,
   149 F.3d 197 (3d Cir. 1998) .................................................................................5

*Pinker v. Roche Holdings Ltd.*,
   292 F.3d 361 (3d Cir. 2002) .................................................................................3

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc.*,
   819 F.2d 434 (3d Cir. 1987) .................................................................................4

*Rees v. Mosaic Technologies, Inc.*,
   742 F.2d 765 (3d Cir. 1984) .................................................................................4

*Reliance Steel Products v. Watson*,
   675 F.2d 587 (3d Cir. 1982) .................................................................................7

*Time Share Vacation Club v. Atl. Resorts, Ltd.*,
   735 F.2d 61 (3d Cir. 1984) ...................................................................................3

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co.*,
   75 F.3d 147 (3d Cir. 1996) ...................................................................................5

### Statutes

15 U.S.C. § 1693 ........................................................................................................1

iii

## TABLE OF AUTHORITIES
### (continued)

28 U.S.C. § 1391 ................................................................................... 8, 9, 12

28 U.S.C. § 1404 ...................................................................................... 1, 11

28 U.S.C. § 1631 ...........................................................................................8

### Rules

Fed. R. Civ. P. 4 ........................................................................................ 10

Fed. R. Civ. P. 12( ............................................................................... *passim*

Pa. R. Civ. P. 404 ...................................................................................... 11

Defendants Landry's Gaming, Inc. ("Landry's Gaming") and Golden Nugget, Inc. ("Golden Nugget"), by their undersigned attorneys, respectfully submit this memorandum of law in support of their motion to dismiss this action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), and for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), or, in the alternative, for transfer to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a).

## I.   INTRODUCTION

Plaintiffs Sarah Archbold, Donald L. Marvin and Donald Marvin (collectively "Plaintiffs"), filed this action seeking an award of actual and statutory damages under the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, based on automated teller transactions during which they contend they were not provided notice of $3.50 transaction fees.  Despite the fact that these three transactions all are alleged to have taken place in Las Vegas, Nevada, in January, February and May 2011, (Compl. ¶ 21), Plaintiffs filed suit in the Monroe County Court of Common Pleas in January 2012.  Because neither Landry's Gaming nor Golden Nugget, nor the substance matter of this action, has any connection whatsoever to Pennsylvania, dismissal or transfer is warranted.

## II.    FACTS RELEVANT TO THIS MOTION

Plaintiffs' complaint (the "Complaint") alleges the following facts, which are accepted as true for purposes of this Motion only.  Plaintiffs are all Pennsylvania residents.  (Compl. ¶ 17 & signature page.)  Plaintiffs allege that they each performed electronic fund transfers—not withdrawals—at automated teller machines ("ATMs") located in Las Vegas, Nevada in January, February and May 2011.  Thus, the events giving rise to this action took place in Nevada and not Pennsylvania.  The sole cause of action asserted in Plaintiffs' complaint is for violations of the EFTA, for which Plaintiffs request actual damages, statutory damages, costs of suit and attorneys' fees.  (Compl. ¶¶ 25-33.)

As set forth in the declaration of Lauren Ware accompanying Defendants' motion, Defendants are both corporations organized under the laws of the State of Nevada.  (*See* Ware Decl. ¶¶ 3-4.)  Neither Landry's Gaming nor Golden Nugget own or leases any property in Pennsylvania.  (*Id.* ¶ 5.)  Neither Landry's Gaming nor Golden Nugget pay income or property taxes in Pennsylvania.  (*Id.* ¶ 6.)  Neither Landry's Gaming nor Golden Nugget maintain any office or other commercial space in Pennsylvania.  (*Id.* ¶ 7.)  Defendants do not employee any individuals in Pennsylvania, nor maintain any physical assets in Pennsylvania. (*Id.* ¶¶ 8-9.)

### III.   ARGUMENT

**A.   Plaintiff's Complaint Should Be Dismissed for Lack of Personal Jurisdiction, Improper Venue and Insufficient Service of Process**

**1.   The Standard on a Motion to Dismiss Pursuant to Rule 12(b)(2), (3) and (5)**

Federal Rules of Civil Procedure 12(b)(2), (b)(3), and (b)(5) permit the filing of a motion to dismiss for lack of personal jurisdiction, improper venue and improper service of process, respectively.  Plaintiffs bear the burden of demonstrating personal jurisdiction over Defendants. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)).  A defendant bears the burden of showing the venue is improper. *Henning v. Suarez Corp.*, 713 F. Supp. 2d 459, 462 (E.D. Pa. 2010). The party asserting validity of service of process has the burden of proving the sufficiency of service. *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

Courts must construe all disputed facts alleged in the light most favorable to the plaintiff. *Miller Yacht Sales,* 384 F.3d at 97.  Plaintiffs cannot rely on general averments of jurisdiction in the complaint or unsupported statements in their response, but instead must provide jurisdictional facts supported by affidavits or competent evidence to sustain their burden. *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).  The jurisdictional burden is met

"by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (citing *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc.*, 819 F.2d 434 (3d Cir. 1987)).

## 2. This Court Should Dismiss the Complaint for Lack of Personal Jurisdiction

As a threshold matter, Plaintiffs cannot establish that this Court may exercise personal jurisdiction over Defendants. Where, as here, the record does not establish sufficient contacts between either Landry's Gaming or Golden Nugget and Pennsylvania, Pennsylvania law and the Due Process Clause of the Fourteenth Amendment require dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2). *Rees v. Mosaic Technologies, Inc.*, 742 F.2d 765, 767 (3d Cir. 1984*); see also generally Burger King v. Rudzewicz*, 471 U.S. 462 (1985); *Int'l Shoe v. Washington*, 326 U.S. 310 (1945) (holding that the Due Process Clause of the United States Constitution protects a defendant's liberty interest from being bound by judgments of a forum with which he has established no meaningful contacts, ties or relations).

The Third Circuit has adopted a two-step inquiry to determine whether the exercise of jurisdiction over out-of-state defendants is proper—a plaintiff must establish either specific jurisdiction or general jurisdiction. *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 540-42 (3d Cir. 1985); *see also*

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co.*, 75 F.3d 147, 151

n.3 (3d Cir. 1996).  In this case, Plaintiffs cannot establish either specific or

general jurisdiction.

Specific jurisdiction requires a plaintiff to demonstrate that the claim "is

related to or arises out of" the defendant's contacts with the forum.  *Pennzoil*

*Prods. Co. v. Colelli & Assoc., Inc.*, 149 F.3d 197, 201 (3d Cir. 1998).

Establishing specific jurisdiction involves a three-part test:  (1) have the defendants

"purposefully established minimum contacts within the forum state" so that they

may reasonably expect being "haled into court" here; (2) did the cause of action

arise from or is it related to those contacts; and (3) does the "assertion of personal

jurisdiction" comport with "fair play and substantial justice."  *Bank Express Int'l v.*

*Soo Y. Kang*, 265 F. Supp. 2d 497, 501 (E.D. Pa. 2003) (*quoting Burger King*

*Corp. v. Rudzewicz*, 471 U.S. 462 (1985)) (other citations omitted).  The plaintiff

must accordingly demonstrate that the defendant "purposefully directed" its

activities toward residents of the forum or otherwise "purposefully avail[ed] itself

of the privilege of conducting activities within the forum state, thus invoking the

benefits and protections of its laws."  *Imo Indus., Inc. v. Kiekert AG*, 155 F.3d 254,

259 (3d Cir. 1998).

Plaintiffs cannot demonstrate that Defendants have purposefully established

minimum contacts with Pennsylvania.  Indeed, as the Declaration of Lauren Ware

makes clear, Defendants are both corporations organized under the laws of the State of Nevada that do not own or lease any property in Pennsylvania, do not pay income or property taxes in Pennsylvania, do not maintain any office or other commercial space in Pennsylvania, do not employ any individuals in Pennsylvania and do not maintain any physical assets in Pennsylvania. (*Id.* ¶¶ 3-9.) Accordingly, the record does not establish that Defendants have contacts with Pennsylvania such that they should reasonably expect to be haled into court here.

The Complaint's allegations suggest that Plaintiffs hope this Court will exercise personal jurisdiction over Defendants solely because Plaintiffs are Pennsylvania consumers. (Compl. ¶ 16.) But this fact is not sufficient to satisfy due process. In *Dollar Savings Bank v. First Sec. Bank of Utah*, 746 F.2d 208, 211 (3d Cir. 1984), the Third Circuit held the district court lacked jurisdiction in Pennsylvania over a Utah bank in a foreclosure proceeding, explaining: "When the plaintiff's interest is in litigating a claim arising out of a single transaction in a forum where the defendant has no continuing presence—specific jurisdiction—the focus must be on minimum contacts." *Id.* at 213. The allegation that the Nevada-based ATM transaction may have had an impact on a Pennsylvania resident is not sufficient to establish personal jurisdiction. *Id.* It would be wholly not in keeping with the principles of justice or fair play to require Defendants to submit to

6

jurisdiction here for actions that occurred in Nevada.  Thus, no specific jurisdiction exists over Defendants.

Because there are no minimum contacts, *a fortiori*, there is no general jurisdiction.  *See Reliance Steel Products v. Watson*, 675 F.2d 587, 588-89 (3d Cir. 1982) (*quoting Int'l Shoe v. Washington*, 326 U.S. 310 (1945)).  To establish general jurisdiction, Plaintiffs must demonstrate that Defendants maintained "continuous and substantial" contacts with Pennsylvania in general.  *Id.*; *see also AMP Inc. v. Methode Electronics, Inc.*, 823 F. Supp. 259 (M.D. Pa. 1993).  Such a showing must be made by adducing "extensive and persuasive" facts that such contacts exist.  *Leonardo da Vinci's Horse, Inc. v. O'Brien*, 761 F. Supp. 1222, 1226 (E.D. Pa. 1991) (*citing Dollar Savings Bank*, 746 F.2d at 212); *Reliance Steel Pros. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1985) (plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction).

The record shows that Defendants simply do not maintain the level of systematic and continuous contact with Pennsylvania that are needed to establish personal jurisdiction.  (*See* Ware Declaration ¶¶ 3-9.)  This Court therefore should

grant Defendants' motion and dismiss Plaintiffs' Complaint for lack of personal jurisdiction.[1]

### 3.    Venue Is Improper and Dismissal Is Similarly Warranted Under Rule 12(b)(3)

The complaint is also subject to dismissal because venue is improper. Proper venue is necessary to protect a defendant's interests surrounding plaintiff's selection of the place of trial. "In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial. *Cottman Transmission Systems, Inc. v. Martino*, 36 F.2d 291, 294 (3d Cir. 1994) (internal citation omitted). Plaintiffs' Complaint contains no averment that venue is proper in the Middle District of Pennsylvania. Even if it did, however, venue is not proper under any of the prongs of 28 U.S.C. § 1391(b).

Section 1391(b) provides that civil actions can be brought only in a district that meets one of three criteria: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving

---

[1] Alternatively, this Court should transfer this action to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1631 (where "the court finds there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought").

rise to the claim occurred, or a substantial part of property that is the subject of the
action is situated; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

There can be no question that neither sections 1391(b)(1) nor (b)(3) apply.
Defendants are corporations organized under the laws of the State of Nevada, and
therefore, necessarily making Nevada, rather than the Middle District of
Pennsylvania, a judicial district that satisfies section 1391(b)(1).  The fact that such
a district exists makes section 1391(c) inapplicable,  Thus, the only possible basis
for venue is 1391(b)(2), which requires that the Middle District of Pennsylvania be
"a judicial district in which a substantial part of the events or omissions giving rise
to the claim occurred."  28 U.S.C. § 1391(b)(2).  The Third Circuit has explained
that this term means exactly what it says—that the events or omissions supporting
a claim be "substantial."  *Cottman*, 36 F.3d at 294.  "Events or omissions that
might have some tangential connection with the dispute in litigation are not
enough."  *Id.*  This requirement of substantiality is intended to "preserve the
element of fairness so that a defendant is not haled into a remote district having no
real relationship to the dispute."  *Id.*  Thus, where, as here, a "substantial part of the
events or omissions giving rise to [Plaintiffs'] claim" did *not* occur in the Middle
District of Pennsylvania, venue is improper.

9

The Middle District of Pennsylvania simply does not now have, nor has it ever had, any meaningful connection to this litigation. Plaintiffs are residents of Pennsylvania, but that is the extent of any connection. This case involves a sole cause of action for violations of the EFTA involving three ATM transactions that occurred in Nevada. Thus, the Middle District of Pennsylvania, as Plaintiffs' Complaint itself demonstrates, cannot be the district where a "substantial part" of the alleged events or omissions giving rise to Plaintiffs' claims could have occurred. *See, e.g.*, *Karcsh v. Bd. of Directors Ventura Country Club*, Civ. No. 10-4965, 2011 WL 1740626, at *5 (E.D. Pa. May 5, 2011) (dismissing case for improper venue because the negligence, to the extent it occurred, took place outside E.D. Pa.).

Venue for this civil action does not exist in this Court, and dismissal is warranted pursuant to Rule of Civil Procedure 12(b)(3).

### 4.   Service of Process Was Not Improper and Dismissal Is Similarly Warranted Under Rule 12(b)(5)

According to their records, Defendants were served the summons in April 2012 by regular first class mail. (Motion ¶ 10.) Federal Rule of Civil Procedure 4(h) governs service of process for corporate entities such as defendants, and it provides methods for a plaintiff to effect proper service of process. Applicable here is the Rule's allowance to effect service of process "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). Pennsylvania

Rule of Civil Procedure 404 requires that out-of-state defendants such as Landry's Gaming and Golden Nugget be served by mail that is registered, requiring the return of a signature card.  Pa. R. Civ. P. 404.

No affidavit of service was ever filed in this court or the Monroe County Court of Common Pleas prior to removal.  Thus, Plaintiffs cannot and have not demonstrated service was proper, warranting dismissal pursuant to Fed. R. Civ. P. 12(b)(5).

**B.    In the Alternative to Dismissal, Transfer Is Warranted**

**1.    The Standard on a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)**

Motions to transfer for inconvenient, rather than improper, venue are governed by section 1404(a), which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The Third Circuit has explained that the decision to transfer a matter pursuant to section 1404(a) is discretionary and made on an "individualized, case-by-case basis."  *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 883 (3d Cir. 1995).  In ruling on motions under section 1404(a), courts must "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."  *Id.* at 879.  Private interests considered include: (1) the plaintiff's choice

11

of forum; (2) the defendant's preference; (3) where the claim arose; (4) the
convenience of the parties based on their "physical and financial condition;" (5)
the extent to which witnesses may actually be unavailable for trial in the forum;
and (6) the extent to which relevant books and records could not be produced in
another forum. *Id.* Public interests considered include: (1) the degree to which
judgment may be enforced; (2) "practical considerations that could make the trial
easy, expeditious, or inexpensive"; (3) court congestion in the competing forums;
(4) the forum's "interest in deciding local controversies at home"; (5) public policy
of the competing forum; and (6) in diversity cases, the trial judge's familiarity with
relevant state law. *Id.* at 879-80.

### 2. This Action Could Have Been Brought in the District of Nevada

In accordance with § 1404(a), the District of Nevada is unquestionably a
venue in which this action "might have been brought". Both defendants maintain
businesses or physical presences within the District and are corporations organized
under laws of the State of Nevada. (Ware Decl. ¶¶ 3-4.) They are, therefore,
deemed to reside there for venue purposes. *See* 28 U.S.C. § 1391(b). Accordingly,
this action could have originally been brought in that district. *See* 28 U.S.C.
§ 1391(b)(1).

### 3.    The *Jumara* Factors Favor Transfer to the District of Nevada

Turning to the *Jumara* factors, several favor transfer, yet none warrant keeping this case in Pennsylvania.  First, as set forth above, Plaintiff's claims undoubtedly "arose" in District of Nevada where the ATM transactions took place. (Compl. ¶ 21.)  Related, the "ease of access to sources of proof" also points to the Nevada—records from defendants are located there, and records related to the companies operating the ATMs are believed to be there as well.  (Ware Decl. ¶¶ 11-13.)  Any witnesses, other than potentially the Plaintiffs, will be located in Nevada.  (*Id.*)  Indeed, any non-employee witnesses of Defendants are beyond the subpoena power of this Court.

Key public interest factors, such as the "relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation" are all neutral on transfer.  *Lindley v. Caterpillar, Inc.*, 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000).   This is an action challenging three ATM transactions that all took place in Nevada in Nevada stores owned by Nevada corporations.

Thus, in the alternative to dismissal, this case should be transferred to the District of Nevada.  On balance, pursuant to the factors enumerated in *Jumara*, transfer is appropriate here.

13

IV.    **CONCLUSION**

     For all the foregoing reasons, Defendants Landry's Gaming, Inc. and Golden

Nugget, Inc. respectfully request that this Court grant their Motion and dismiss this

action pursuant to Fed. R. Civ. P. 12(b)(2), (b)(3), or (b)(5), or, in the alternative,

transfer this action to the United States District Court for the District of Nevada.

                             GREENBERG TRAURIG, LLP

Dated: January 10, 2013            /s/ Brian T. Feeney

                             Brian T. Feeney, Esq.
                             Charles L. Rombeau, Esq. *(application
                             for admission to MDPA forthcoming)*
                             2700 Two Commerce Square
                             2001 Market Street
                             Philadelphia, PA  19103
                             Tel 215.988.7800
                             Fax 215.988.7801
                             feeneyb@gtlaw.com

                             *Attorneys for Defendants
                             Landry's Gaming, Inc.
                             and Golden Nugget, Inc.*

14

## CERTIFICATE OF SERVICE

I, Brian T. Feeney, hereby certify that on the 10th day of January 2013, I

caused a true and correct copy of the foregoing Memorandum of Law to be served

via First Class Mail upon the following pro se Plaintiffs:

> Donald Marvin
> Donald L. Marvin
> Sarah Archbold
> 524 Independence Road
> East Stroudsburg, PA 18301

/s/ Brian T. Feeney
Brian T. Feeney, Esq.

15

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SARAH ARCHBOLD,                  :
DONALD MARVIN,                   :
DONALD L. MARVIN,                :
        Plaintiffs,      :
                                 :   No. 3:12cv2429
    v.                         :
                                 :   (Judge Munley)
LANDRY'S GAMING, INC.,           :
GOLDEN NUGGET, INC.,  and        :
DOES 1-10, inclusive,            :
        Defendants.      :

## Motion in Opposition to Defendants Motion to Dismiss

Comes Now, Sarah Archbold, Donald Marvin and Donald L. Marvin and files a Motion in Opposition to Defendants' Motion to Dismiss. Defendants' Motion to Dismiss should be denied, in the alternative this matter should be transferred to the District Court of Nevada. Attached is plaintiff's Memorandum of Law in support.

2-5-2013
_____
Date

_____
Sarah Archbold
Plaintiff, pro se
524 Independence Road
East Stroudsburg, PA 18301
609/775-8689

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SARAH ARCHBOLD,    :
DONALD MARVIN,     :
DONALD L. MARVIN,    :
    **Plaintiffs,**   :
          :  No. 3:12cv2429
 **v.**        :
          :  (Judge Munley)
LANDRY'S GAMING, INC.,  :
GOLDEN NUGGET, INC.,  and :
DOES 1-10, inclusive,   :
    **Defendants.**  :

### MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S MOTION
### TO DISMISS PLAINTIFF'S COMPLAINT

### <u>INTRODUCTION</u>

Plaintiffs, Sarah Archbold, Donald Marvin and Donald L. Marvin brought an action against Defendant Landry's Gaming, Inc. and the Golden Nugget, Inc. pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. and its implementing regulations 12 C.F.R. 205 et seq. ("**EFTA**").  In their complaint, Plaintiffs allege that Defendant violated the EFTA by imposing a fee for completing an electronic funds transfer without providing statutorily required notice(s).

Defendant has filed a motion to dismiss for lack of personal jurisdiction, improper venue and insufficient service of process.

However, as discussed below, the Court does have jurisdiction over the Defendant resulting from Defendants active withdrawal of funds from Plaintiff's Pennsylvania bank accounts.  Alternatively, if the Court finds that jurisdiction over the Defendant is lacking, or that venue is otherwise improper, the appropriate remedy

would be to transfer the case to the appropriate jurisdiction. Further, Defendants' claim that Plaintiffs service of process was improper in the State Court is inaccurate. The exhibit attached to the Certification of Sarah Archbold show Landry's Gaming, LLC was properly served.

## STATEMENT OF FACTS

The Plaintiffs rely on the factually allegations set forth in the Complaint and Certification of Sarah Archbold which is hereby incorporated by reference and filed and served herewith.

## LEGAL ARGUMENT

## I.  DEFENDANT IS SUBJECT TO PERSONAL JURISDICTION IN THIS FORUM

Prior to trial, a plaintiff need only make a *prima facie* showing of jurisdiction by "establishing with reasonably particularity sufficient contacts between the defendant and forum state." A court must resolve all factual disputes created by affidavits and other evidence submitted by the parties in favor of the plaintiff. Miller v. McMann, 89 F. Supp. 2d 564, 566-67 (D.N.J. 2000) (internal citations omitted).

A plaintiff may meet its burden by establishing that a court has either "specific" or "general" jurisdiction. Specific jurisdiction is "invoked when the claim is related to or arises out of the defendant's contacts with the forum." Miller v. McMann, 89 F. Supp. 2d 564, 567 (D.N.J. 2000) (internal citations omitted).

In the instant case, Plaintiffs have established that the Court has "specific jurisdiction" over Defendant as a result of Defendant's withdrawal of funds from Plaintiffs' New Jersey bank accounts. See Certification of Sarah Archbold. For

example, in <u>Correspondent Services Corp. v. J.V.W. Investments Ltd.</u>, the Court acknowledged that merely maintaining an account in New York State was insufficient to confer personal jurisdiction. However, when the account located in the forum State "is at the very root of the action in this case, [it] gives rise to personal jurisdiction in [the forum State]." <u>Correspondent Services Corp. v. J.V.W. Investments Ltd.</u>, 120 F. Supp. 2d 401, 405 (S.D.N.Y. 2000) (finding that the unauthorized transfer of funds to Tucker Anthony in New York was conversion, a tortious act in New York that confers jurisdiction over the Defendant).

Specifically, the crux of Plaintiffs' allegations concern the transactions that took place at the automated teller machine operated by Defendant. While the machine is physically located in Nevada, it is not the machine that forms the basis of Plaintiffs' complaint, but rather the imposition and withdrawal of the transaction fee by Defendant. Federal Courts have previously held that it is specifically the "imposition" of the fee and not the failure to provide notice which gives rise to the cause of action. <u>Vallies v. Sky Bank, 591 F.3d 152, 162 (3d Cir. 2009)</u> citing <u>Savrnoch v. First Am. Bankcard, Inc.</u>, 07-C-0241, 2007 WL 3171302 (E.D. Wis. Oct. 26, 2007). Here, Plaintiffs' claims pursuant to EFTA arise from the unauthorized withdrawal of transaction fees from Plaintiffs' Pennsylvania bank accounts. Accordingly, the cause of action occurred in Pennsylvania and the Defendant's motion to dismiss should be denied.

## II.   IF THE COURT DETERMINES THERE IS A LACK OF PERSONAL JURISDICTION OVER THE DEFENDANT, TRANSFER OF VENUE IS APPROPRIATE

Alternatively, if the Court finds that personal jurisdiction is lacking in Pennsylvania, Plaintiffs request that the Court deny Defendant's motion to dismiss, and order the matter transferred to a forum in which Defendant regularly transacts business and maintains its corporate offices, namely Nevada. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404 (West).

"The language of s 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years-that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of s 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-

consuming and justice-defeating technicalities.'" Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962). See also Galligan v. Westfield Ctr. Serv., Inc., 82 N.J. 188, 194 (1980).

Accordingly, even if the Court finds that personal jurisdiction is lacking, dismissal of the complaint will obstruct the interests of justice and the Plaintiffs will be denied their day in Court. The economical and appropriate resolution would be to merely transfer the case to a District Court in Nevada.

### III. Defendant was properly served by US certified return receipt mail

Defendants' argument that this case should be dismissed for lack of service is factually inaccurate. First, Golden Nugget and Landry's Gaming were both served by US Certified Return Receipt Mail. See Certification of Sarah Archbold para. 8. Landry's Gaming agent signed the return receipt card and Affidavits of Service was mailed into the Court of Common Pleas of Monroe County. Id.

# Conclusion

For the forgoing reasons, the Plaintiffs respectfully request the Court deny Defendants' motion.

2-5-2013
Date

Sarah Archbold
Plaintiff, pro se
524 Independence Road
East Stroudsburg, PA 18301
609/775-8689

# **Certificate of Service**

I, Sarah Archbold, hereby certify that on the 5th day of February 2013, I mailed a true and correct copy, by US prepaid first class mail, of the forgoing document to the following:

Brain T. Feeney, Esq.
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

Charles L. Rombeau, Esq.
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

2-5-2013
Date

Sarah Archbold
Plaintiff, pro se
524 Independence Road
East Stroudsburg, PA 18301
609/775-8689

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARAH ARCHBOLD,<br>DONALD MARVIN,<br>DONALD L. MARVIN,<br>           Plaintiffs,<br><br>     v.<br><br>LANDRY'S GAMING, INC.,<br>GOLDEN NUGGET, INC., and<br>DOES 1-10, inclusive,<br>           Defendants. | : : : : : : : : : : : | No. 3:12cv2429<br><br>(Judge Munley) |

## <u>Certification of Sarah Archbold</u>

Sarah Archbold, of full age, hereby certify as follows:

1. I am one of the Plaintiffs in the above captioned matter and submit this Certification in support of my opposition to Defendant's motion to dismiss.

2. On or about January 22, 2011, I completed an electronic funds transfer at an automated teller machine located at Golden Nugget Casino, Las Vegas, Nevada and operated by the Golden Nugget Casino.

3. At the time of the transaction, I was not provided notice that I would be charged a fee for completing the transaction "on or at" ATM.

4. Upon completing the transaction, I was charged a transaction fee of $3.50, which was withdrawn from my bank account at Malvern Federal Saving Bank located in Pennsylvania. Atm receipt is attached as Exhibit "A"

5. I am also a resident of Pennsylvania.

6. Accordingly, Defendant's withdrawal of the transaction fee from my Pennsylvania bank account, which is at issue in the present litigation, provides sufficient justification for exercising jurisdiction over the Defendant in this matter. Defendant's motion to dismiss for lack of jurisdiction should be denied.

7. Further, the Golden Nugget advertises and solicits consumers in the state of Pennsylvania to come and stay and gamble at their casino in Las Vegas, Nevada.

8. Additionally, I personally mailed the original writ of summons to both defendants, Golden Nugget and Landry's Gaming, LLC, by certified return receipt mail, which a agent for Landry's Gaming signed the return receipt.  See Exhibit "B".  In addition, I mailed affidavits of service to Monroe County Court of Common Pleas Civil Division.


Dated:  2-5-2013                          _____

                                                        Sarah Archbold

# <u>Certificate of Service</u>

I, Sarah Archbold, hereby certify that on the 5th day of February 2013, I mailed a true and

correct copy, by US prepaid first class mail, of the forgoing document to the following:

Brain T. Feeney, Esq.
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

Charles L. Rombeau, Esq.
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

2-5-2013
Date

Sarah Archbold
Plaintiff, pro se
524 Independence Road
East Stroudsburg, PA 18301
609/775-8689

**Exhibit "A"**

01/22/11  18:04  P98CT358
GOLDEN NUGGET CASINO
LAS VEGAS    NV

CARD ****************3716

RECORD NO        8403
WITHDRAWAL      $20.00
FROM CHECKING
CHECKING
ULTRON INC
ATM FEE          $3.50
TOTAL           $23.50
ACCT BAL
AVAIL BAL

**Exhibit "B"**



U.S. Postal Service
CERTIFIED MAIL, RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

0.45
2.95
2.35
$5.75

Landry's Gaming Inc.
1510 West Loop South
Houston, TX 77027

7011 2000 0736 9541

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Landry's Gaming Inc.
1510 West Loop South
Houston, TX 77027

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _R. Ziegler_        ☐ Agent
                       ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)      7011 2000 0002 0736 9541

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

USPS.com® - Track & Confirm

English       Customer Service       USPS Mobile                                    Register / Sign In

 **USPS.COM**                                                    search USPS.com or Track Packages

Quick Tools          Ship a Package      Send Mail        Manage Your Mail      Shop      Business Solutions

# Track & Confirm

You entered: 70112000000207369541

**Status: Delivered**
Your item was delivered at 11:00 am on April 13, 2012 in HOUSTON, TX 77027.
Additional information for this item is stored in files offline.

You may request that the additional information be retrieved from the archives,
and that we send you an e-mail when this retrieval is complete. Requests to
retrieve additional information are generally processed momentarily.

I would like to receive notification on this request

**Find Another Item**

What's your label (or receipt) number?

LEGAL                    ON USPS.COM                 ON ABOUT.USPS.COM           OTHER USPS SITES
Privacy Policy ›         Government Services ›        About USPS Home ›           Business Customer Gateway ›
Terms of Use ›           Buy Stamps & Shop ›          Newsroom ›                  Postal Inspectors ›
FOIA ›                   Print a Label with Postage › USPS Service Updates ›      Inspector General ›
No FEAR Act EEO Data ›   Customer Service ›           Forms & Publications ›      Postal Explorer ›
                         Site Index ›                 Careers ›

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SARAH ARCHBOLD,               :
DONALD MARVIN,                :
DONALD L. MARVIN,             :
      Plaintiffs,           :
                             :    No. 3:12cv2429
    v.                        :
                             :    (Judge Munley)
LANDRY'S GAMING, INC.,        :
GOLDEN NUGGET, INC.,  and     :
DOES 1-10, inclusive,         :
      Defendants.          :

## Certification of Donald Marvin

Donald Marvin, of full age, hereby certify as follows:

1. I am one of the Plaintiffs in the above captioned matter and submit this Certification in support of my opposition to Defendant's motion to dismiss.

2. On or about February 20, 2011, I completed an electronic funds transfer at an automated teller machine located at Golden Nugget Casino, Las Vegas, Nevada and operated by the Golden Nugget Casino.

3. At the time of the transaction, I was not provided notice that I would be charged a fee for completing the transaction "on or at" ATM.

4. Upon completing the transaction, I was charged a transaction fee of $3.50, which was withdrawn from my bank account at TruMark Credit Union located in Pennsylvania. See Exhibit "A".

5. I am also a resident of Pennsylvania.

6. Accordingly, Defendant's withdrawal of the transaction fee from my Pennsylvania bank account, which is at issue in the present litigation, provides sufficient justification for exercising jurisdiction over the Defendant in this matter. Defendant's motion to dismiss for lack of jurisdiction should be denied.

7. Further, the Golden Nugget advertises and solicits consumers in the state of Pennsylvania to come and stay and gamble at their casino in Las Vegas, Nevada.

Dated: _____

Donald Marvin

# **Certificate of Service**

I, Sarah Archbold, hereby certify that on the 5th day of February 2013, I mailed a true and

correct copy, by US prepaid first class mail,  of the forgoing document to the following:

Brain T. Feeney, Esq.
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

Charles L. Rombeau, Esq.
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

2-5-2013
Date

Sarah Archbold
Plaintiff, pro se
524 Independence Road
East Stroudsburg, PA 18301
609/775-8689

**EXHIBIT "A"**



**TruMark** CREDIT UNION
*Financial*

Tel: 1-877-TRUMARK
Fax: 215-953-5390
www.trumarkonline.org

**Statement of Account**
Statement period: 02/01/11 - 02/28/11
Account Number ▇▇▇▇2539
Page 1 of 3

*1000 Northbrook Drive • Trevose, PA 19053*

- Not currently using online Bill Payer? Haven't use it in a while? Give it a try and get cash. Pay two bills online by March 31 and get $10. For details visit www.trumarkonline.org.

- Using TurboTax Online® Free Edition to file yo 2010 taxes will make filing your federal and sta taxes easier. Set up direct deposit to get your refund in as few as eight days. Visit www.trumarkonline.org to get started today.

32902 1 AT 0.357  143
Donald W Marvin
524 Independence Rd
E Stroudsburg PA 18301-9208
|ıllılılıllılllılıllılıllılılllılılılılılılılıll

| TruMark Card CoRewards Points as of 02/15/11 | |
|---|---|
| Card Ending in | Points |
| 2787 | 100 |



**Member** Your status for the coming month of March is: TruMember

## S01 - PRIMARY SHARE

| DATE | TRANSACTION DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| 02/01 | Balance Forward | | 50.00 |
| 02/07 | Deposit ▇▇▇▇ | ▇▇▇ | 70.00 |
| | From Share 04 | | |
| | PNC BANK 2109 ROUTE 35 HOLMDEL NJ PK1917 | | |
| 02/28 | ▇▇▇▇ | ▇▇▇ | 57.00 |
| 02/28 | Deposit Dividend 0.500% | 0.03 | 57.03 |
| | For the period 02/01/11 to 02/28/11 your Annual | | |
| | Percentage Yield Earned was 0.600% | | |
| | Based on an average daily balance of 65.25 | | |
| 02/28 | Ending Balance | | 57.03 |

## S04 - CHECKING

| DATE | TRANSACTION DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| 02/01 | Balance Forward | | 974.53 |
| 02/03 | ▇▇▇▇ | ▇▇▇ | 951.03 |
| 02/03 | ▇▇▇▇ | ▇▇▇ | ▇▇▇ |
| 02/03 | ▇▇▇▇ | ▇▇▇ | ▇▇▇ |
| 02/03 | ▇▇▇▇ | ▇▇▇ | ▇▇▇ |
| 02/07 | ▇▇▇▇ | ▇▇▇ | ▇▇▇ |
| 02/07 | ▇▇▇▇ | ▇▇▇ | ▇▇▇ |
| 02/08 | ▇▇▇▇ | ▇▇▇ | ▇▇▇ |
| 02/08 | ▇▇▇▇ | ▇▇▇ | ▇▇▇ |
| 02/08 | ▇▇▇▇ | ▇▇▇ | ▇▇▇ |
| 02/11 | ▇▇▇▇ | ▇▇▇ | ▇▇▇ |
| 02/12 | ▇▇▇▇ | ▇▇▇ | ▇▇▇ |

Receive free basic checks, stop payments, incoming wire transfers, and more when you achieve TruMember status each month. You also can take advantage of periodic TruMember-only loan discounts and certificate of deposit rate bonuses. Visit www.trumarkonline.org for more information and requirements.



**TruMark Financial** CREDIT UNION

## S04 - CHECKING (Cont.)

| DATE | TRANSACTION DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| 02/12 | | | |
| 02/13 | | | |
| 02/13 | | | |
| 02/16 | | | |
| 02/16 | | | |
| 02/16 | | | |
| 02/17 | | | |
| 02/19 | | | |
| 02/19 | | | |
| 02/19 | | | |
| 02/20 | | | |
| 02/20 | | | |
| 02/20 | Withdrawal at ATM #000000582162 GOLDEN NUGGET CASINO LAS VEGAS NV SKS4WM02 | -23.50 | 480.07 |
| 02/20 | Withdrawal Out Of Network GOLDEN NUGGET CASINO LAS VEGAS NV SKS4WM02 | -1.50 | 478.57 |
| 02/20 | | -22.50 | 456.07 |
| 02/20 | | | |
| 02/21 | | | |
| 02/21 | | | |
| 02/21 | | | |
| 02/21 | | | |
| 02/21 | | | |
| 02/21 | | | |
| 02/22 | | | |
| 02/22 | | | |
| 02/22 | | | |
| 02/22 | | | |
| 02/22 | | | |



# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SARAH ARCHBOLD,                    :
DONALD MARVIN,                     :
DONALD L. MARVIN,                  :
          Plaintiffs,     :
                           :    No. 3:12cv2429
     v.                            :
                           :    (Judge Munley)
LANDRY'S GAMING, INC.,             :
GOLDEN NUGGET, INC.,  and          :
DOES 1-10, inclusive,              :
          Defendants.      :

## Certification of Donald L. Marvin

Donald L. Marvin, of full age, hereby certify as follows:

1. I am one of the Plaintiffs in the above captioned matter and submit this Certification in support of my opposition to Defendant's motion to dismiss.

2. On or about January 22, 2011, I completed an electronic funds transfer at an automated teller machine located at Golden Nugget Casino, Las Vegas, Nevada and operated by the Golden Nugget Casino.

3. At the time of the transaction, I was not provided notice that I would be charged a fee for completing the transaction "on or at" ATM.

4. Upon completing the transaction, I was charged a transaction fee of $3.50, which was withdrawn from my bank account at National Penn Bank, located in Pennsylvania.   See Exhibit "A" of my transaction receipt.

5. I am also a resident of Pennsylvania.

6. Accordingly, Defendant's withdrawal of the transaction fee from my Pennsylvania bank account, which is at issue in the present litigation, provides sufficient justification for exercising jurisdiction over the Defendant in this matter.  Defendant's motion to dismiss for lack of jurisdiction should be denied.

7. Further, the Golden Nugget advertises and solicits consumers in the state of Pennsylvania to come and stay and gamble at their casino in Las Vegas, Nevada.

Dated:  2-5-13

_Donald L. Marvin_

Donald L. Marvin

# **Certificate of Service**

I, Sarah Archbold, hereby certify that on the 5th day of February 2013, I mailed a true and

correct copy, by US prepaid first class mail, of the forgoing document to the following:

Brain T. Feeney, Esq.
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

Charles L. Rombeau, Esq.
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

2-5-2013
Date

Sarah Archbold
Plaintiff, pro se
524 Independence Road
East Stroudsburg, PA 18301
609/775-8689

EXHIBIT "A"

INSERT THIS SIDE UP

```
01/22/11  18:04  SKS4WM02
GOLDEN NUGGET CASINO
LAS VEGAS    NV

CARD ************8517
RECORD NO.          6713
CASH WITHDRAWAL          $20.00
ATM FEE                   $3.50
TOTAL                    $23.50

AVAIL BAL         $1944.32

     THANK YOU FOR USING
     ATMCASH ADVANTAGE
```

INSERT THIS SIDE UP

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SARAH ARCHBOLD,                     :
DONALD MARVIN,                      :
DONALD L. MARVIN,                   :
          Plaintiffs,         :
                        :    No. 3:12cv2429
    v.                             :
                        :
LANDRY'S GAMING, INC.,              :    (Judge Munley)
GOLDEN NUGGET, INC.,  and           :
DOES 1-10, inclusive,               :
          Defendants.         :

## **ORDER**

    This matter having been opened to the Court upon a motion by defendants, Landry's Gaming, Inc. and Golden Nugget, and the Court having considered the papers submitted by the parties and for good and sufficient cause shown:

    It is on this _____ day of _____, 2012:

    **ORDERED** that Defendant's motion by and hereby is **DENIED**.

_____

HON. JAMES MUNLEY

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SARAH ARCHBOLD, <br> DONALD L. MARVIN and <br> DONALD MARVIN, <br><br>          Plaintiffs, <br><br>    v. <br><br> LANDRY'S GAMING, INC., <br> GOLDEN NUGGET, INC., and <br> DOES 1-10, inclusive, <br><br>          Defendants. | Civil Action No.  12-CV-2429 <br><br> (Judge James M. Munley) |

## REPLY MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER

Defendants Landry's Gaming, Inc. ("Landry's Gaming") and Golden Nugget, Inc. ("Golden Nugget"), by their undersigned attorneys, respectfully submit this reply memorandum of law in further support of their motion to dismiss or, in the alternative, to transfer to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a).

## I.   INTRODUCTION

Landry's Gaming  and Golden Nugget moved to dismiss Plaintiffs' complaint on several grounds.  First, there is no personal jurisdiction over Landry's Gaming and Golden Nugget arising from Plaintiffs' ATM transactions in Las Vegas, Nevada.  Second, venue is improper over this action where all of the acts

and omissions took place in Nevada, and not Pennsylvania.  Third, Defendants had

no record of being served the summons in this case via certified mail as required

by the Pennsylvania Rules of Civil Procedure.  Defendants therefore sought

dismissal or alternatively to transfer both this action and its related case[1] to the

United States District Court for the District of Nevada under Federal Rule of Civil

Procedure 12(b) and 28 U.S.C. § 1404.

In response, Plaintiff Sarah Archbold, purporting to represent the interests of

her fellow pro-se plaintiffs[2], erroneously contends that the existence of her bank

account in New Jersey is sufficient to establish personal jurisdiction over

defendants in Pennsylvania.  In a concession to the weakness of this point,

Plaintiffs then devote half of their brief to their request that this action merely be

transferred rather than dismissed.  Finally, Plaintiffs do not even attempt to

demonstrate service of process on defendant Golden Nugget.  In sum, Plaintiffs'

brief offers no basis for denying the pending motion.

---

[1]     *See Archbold, et al. v. Affinity Gaming, et al.*, Civ. A. No. 12-2497.

[2]     As all three plaintiffs in this action are appearing pro-se, and none are
attorneys licensed to practice in Pennsylvania, they may not appear on behalf of
each other in any representative capacity.  *See, e.g., Osei-Afriyie v. Med. Coll. of
Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) ("a non-lawyer appearing pro se, [is] not
entitled to play the role of attorney . . . in federal court").

2

## II.   ARGUMENT

### A.   The Existence of Plaintiffs' Bank Accounts in New Jersey Does Not Establish Personal Jurisdiction over Defendants in this Court

Plaintiffs' sole argument that personal jurisdiction exists over Landry's Gaming and Golden Nugget is that "Plaintiffs have established that the Court has 'specific jurisdiction' over Defendant as a result of Defendant's withdrawal of funds from Plaintiffs' New Jersey Bank accounts." (Pls.' Br. at 2.)  Plaintiffs' argument is baseless for several reasons.

First, in order for Defendants' alleged contacts to support specific jurisdiction, those contacts must be with the forum state, Pennsylvania, and not some other state.  Plaintiffs allege that Defendants' receipt of funds from Plaintiffs' *New Jersey* bank accounts creates sufficient contacts. (Pls.' Br. at 2.)[3]  However, at a minimum, specific jurisdiction requires a plaintiff to demonstrate that the claim "is related to or arises out of" the defendant's contacts with the forum. *Pennzoil Prods. Co. v. Colelli & Assoc., Inc.*, 149 F.3d 197, 201 (3d Cir. 1998). The forum state here is Pennsylvania, and whether or not Defendants had any contact with *New Jersey* is irrelevant to whether or not they made be sued in Pennsylvania.

---

[3]   Plaintiffs' brief alternatively refers to the bank accounts as "Pennsylvania bank accounts," but offer no explanation as to how they determine where a bank account is domiciled, or even what the name of the banks are where the accounts are allegedly maintained.

3

Second, the alleged violation of the Electronic Funds Transfer Act

("EFTA"), 15 U.S.C. § 1693, *et seq.*, was based on the alleged failure to post

notice of a transaction fee "on or at" the ATM in Las Vegas, as Plaintiffs' own

Complaint makes clear. (*See* Compl. ¶¶ 24, 26-29.) This alleged violation has

nothing to do with the location of any bank account, and instead arises out of the

alleged failure to post notices "on the machine" in Las Vegas. (*Id.* ¶ 26 (quoting

EFTA).) Moreover, the allegations in the Complaint do not support that a

"withdrawal" was even made by Defendants in Pennsylvania or New Jersey.

Rather, the ATM receipts  and statements (and the EFTA itself) make clear that a

fee was imposed as a result of *Plaintiffs'* withdrawal of funds in Las Vegas that

was concurrently deducted by Plaintiffs' own banks from their accounts in order to

pay the fee to Defendants.

Yet, even if Plaintiffs' bank accounts were located in Pennsylvania rather

than New Jersey, that fact alone does not establish the required minimum contacts

between Defendants and Pennsylvania to satisfy personal jurisdiction. Faced with

an EFTA action challenging a gift card ordered over the internet and shipped

directly to Adams County, Pennsylvania, Judge Rambo rejected the plaintiff's

contention that specific jurisdiction was established in Pennsylvania on that record.

*See Sucec v. Greenbrier*, Civ. A. No. 11-1716, 2011 WL 5520390, *2 (M.D. Pa.

Nov. 14, 2011). The Court explained: "This contact is the very definition of 'de

4

minimus' and/or 'random, isolated or fortuitous' and is far from sufficient to
establish either the 'continuous and systematic' contacts needed for general
jurisdiction or the 'minimum contacts' necessary for specific jurisdiction." *Id.*
(granting motion under Rule 12(b)(2) and transferring action). The record is even
thinner here than in *Sucec*, as Defendants are not alleged to have even known
Plaintiffs or their bank accounts were in Pennsylvania at the time the simultaneous
fee was charged.

Finally, Plaintiffs' contention that Defendants' parent companies advertise
their casino in Pennsylvania is irrelevant to the exercise over personal jurisdiction
here. Plaintiffs do not, and cannot, contend that Defendants are subject to general
jurisdiction in Pennsylvania. And the unsupported averment regarding advertising
would only support the exercise of specific jurisdiction if Plaintiffs' cause of action
arose from or was related to those contacts; the issue of targeted advertising itself
is merely a factor weighed in the exercise of *general* jurisdiction. *See, e.g.*, *Weisz
v. Farmers & Merchants Trust Co.*, Civ. A. No. 11-3050, 2012 WL 645999, *2
(E.D. Pa. Feb. 29, 2012 (noting that courts consider "target[ed] advertising to
forum-state residents" in assessing *general* jurisdiction). Here, Plaintiffs' sole
cause of action, for violations of the EFTA, is based on the alleged failure to post
notices on an ATM in Las Vegas regarding transaction fees and is unrelated to any
purported advertising activity in Pennsylvania. (Compl. ¶ 24.) Like in *Sucec v.*

*Greenbrier*, "There is simply nothing in the Middle District of Pennsylvania besides this being where Plaintiff lives." 2011 WL 5520390 at *3.

**B.      Plaintiffs Concede This Case Belongs in Nevada**

Plaintiffs do not dispute that this action could have been filed in the District of Nevada, and indeed request that the Court transfer it there.  This admission provides an additional basis for granting Defendants' motion.

**C.      Plaintiffs Have Still Failed to Demonstrate Service Was Proper on Golden Nugget**

In their motion, Defendants averred that they had no record of ever being properly served with the summons in this matter and that no affidavit of service was ever filed with the Court of Common Pleas of Monroe County prior to removal by Defendants.  (Defs.' Mot. ¶ 10.)  In response, Plaintiffs attempt to demonstrate service over only defendant Landry's Gaming, and fail to provide any evidence that Golden Nugget was properly served via certified mail.  Accordingly, dismissal is warranted against Defendant Golden Nugget pursuant to Rule 12(b)(5) because Plaintiffs have failed to demonstrate service of process.

### III.  <u>CONCLUSION</u>

For all the foregoing reasons as well as those set forth in their opening brief, Defendants Landry's Gaming, Inc. and Golden Nugget, Inc. respectfully request that this Court grant their Motion and dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2), (b)(3), or (b)(5), or, in the alternative, transfer this action to the United States District Court for the District of Nevada.

GREENBERG TRAURIG, LLP

Dated: February 25, 2013

/s/ Brian T. Feeney
Brian T. Feeney, Esq.
Charles L. Rombeau, Esq. *(application for admission to MDPA forthcoming)*
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
Tel 215.988.7800
Fax 215.988.7801
feeneyb@gtlaw.com

*Attorneys for Defendants Landry's Gaming, Inc. and Golden Nugget, Inc.*

## CERTIFICATE OF SERVICE

I, Brian T. Feeney, hereby certify that on the 25th day of February 2013, I

caused a true and correct copy of the foregoing Reply Memorandum of Law to be

served via First Class Mail upon the following pro se Plaintiffs:

> Donald Marvin
> Donald L. Marvin
> Sarah Archbold
> 524 Independence Road
> East Stroudsburg, PA 18301

/s/ Brian T. Feeney
Brian T. Feeney, Esq.